IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS BRAHIN | § | |
|     *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| SEADRILL AMERICAS, INC. and | § | |
| SEADRILL GULF OPERATIONS | § | |
| NEPTUNE, LLC | § | |
|     *Defendants*. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, Seadrill Americas, Inc. ("SAI") and Seadrill Gulf Operations Neptune, LLC ("Seadrill Gulf" and collectively with SAI "Seadrill"), file this Notice of Removal of this civil action to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1441(a), (c)(1)(B), and respectfully shows as follows:

### I.     PENDING STATE COURT SUIT

1.     On June 3, 2022, Plaintiff, Thomas Brahin, filed a civil action against Seadrill in Cause Number 2022-33124, *Thomas Brahin v. Seadrill Americas, Inc. and Seadrill Gulf Operations Neptune, LLC,* in the 281st Judicial District Court of Harris County, Texas. In his Original Petition, Plaintiff asserts Jones Act, negligence, unseaworthiness, and maintenance and cure claims against Seadrill for injuries he allegedly received while working aboard the *WEST NEPTUNE* (the "Vessel"), a drillship, on or about February 6, 2021.[1]

2.     At the time of the alleged incident, the Vessel was involved in oil and gas drilling operations on the Outer Continental Shelf.[2] Plaintiff alleges he was instructed by an unidentified

---

[1] *See* Exhibit A-1 (Plaintiff's Original Petition).
[2] *See* Exhibit D at ¶¶4-6.(Declaration of Michael Brooks, Seadrill Americas, Inc. Rig Manager of the WEST NEPTUNE).

1

individual to unplug an electrical cord while on the Vessel.[3] Plaintiff alleges he was shocked while handling the electrical cord and suffered bodily injuries.[4] Plaintiff seeks damages for past and future physical pain, mental anguish, impairment, disfigurement, loss of wages and household services, and medical expenses in connection with the alleged incident.[5]

3. The name and address of the court from which the case is being removed is:

> 281st District Court of Harris County, Texas
> Harris County Civil Courthouse
> 201 Caroline Street, 14th Floor
> Houston, Texas 77002.

4. Pursuant to Local Rule 81 for the Southern District of Texas and 28 U.S.C. § 1446(a), the following documents are indexed and attached to this Notice of Removal:

- Exhibit "A" – copies of the following state court pleadings and process:

  A-1 – Plaintiff's Original Petition;

  A-2 – Request for Service on SAI;

  A-3 – Request for Service on Seadrill Gulf;

  A-4 – Certified Mail Tracking for Service on SAI;

  A-5 – Certified Mail Tracking for Service on Seadrill Gulf;

  A-6 – Certified Mail Receipt for Service on SAI;

  A-7 – Certified Mail Receipt for Service on Seadrill Gulf;

  A-8 – Return Receipt for Service on SAI; and,

  A-9 – Return Receipt for Service on Seadrill Gulf.

- Exhibit "B" – list of all counsel of record including address, telephone, and fax number, and the parties they represent, respectively.

---

[3] *Id.* at ¶ 12.
[4] *Id.* at ¶¶ 12-13.
[5] *Id.* at 27.

- Exhibit "C" – Docket sheet from Cause No. 2022-33124, *Thomas Brahin v. Seadrill Americas, Inc. and Seadrill Gulf Operations Neptune, LLC,* in the 281st Judicial District Court of Harris County, Texas.

- Exhibit "D" – Declaration of Michael James Brooks, *WEST NEPTUNE* Rig Manager

5. Presently, no action has been taken by the state court.

## II.   VENUE

6. Under 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court because the District Court of Harris County, Texas, where the state action is pending, is located within this District and Division. To the extent necessary, all defendants have consented and joined in this removal.

## III.   TIMING OF REMOVAL

7. Seadrill was served with the Original Petition and Citation through their registered agent on June 18, 2022. The removal is timely because this Notice of Removal was filed within 30 days of service of Plaintiff's lawsuit pursuant to 28 U.S.C. 1446(b)(1).

## IV.   REMOVAL JURISDICTION

8. Any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court. *See* 28 U.S.C. § 1441(a). Removal of this case is proper pursuant to 28 U.S.C. § 1441(a) because Plaintiff's claims fall within the scope of the Outer Continental Shelf Lands Act ("OCSLA"), which confers original jurisdiction upon this Court. *See* 43 U.S.C. § 1349(b)(1) and 43 U.S.C. § 1333(a)(1)-(2).

9. Additionally, 28 U.S.C. §1441(b), as amended, allows for the removal of general maritime law claims. The only limitation criterion in Section 1441(a) requires the removed claim to be one over which the district court has original jurisdiction, which pursuant to 28 U.S.C. §1333,

includes any civil action of admiralty or maritime jurisdiction. This is true despite the joinder of a non-removable Jones Act claim. Such non-removable claims fall within the purview of Section 1441(c)(1)(B). As a result, Seadrill may remove Plaintiff's entire action.

### A.     Federal Question Jurisdiction Exists Under OSCLA

10.     Under OCSLA, this Court has original jurisdiction over "cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf . . .". 43 U.S.C. § 1349(b)(1); *see also* 43 U.S.C. § 1333(a)(1)-(2). OCSLA's jurisdictional grant is separate from whether federal, state, or maritime law provides the substantive law of the case, and regardless of the citizenship of the parties. *See Barker v. Hercules Offshore, Inc.*, 713. F.3d 208, 220-22 (5th Cir. 2013). The Fifth Circuit broadly interprets this jurisdictional grant under OCSLA. *See, e.g., In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014).

11.     The Fifth Circuit applies "a but-for test" for determining the existence of OCSLA jurisdiction, asking "whether: (1) the activities that caused the injury constituted an 'operation' 'conducted on the Outer Continental Shelf that involved the exploration and production of minerals', and (2) the case 'arises out of, or in connection with' the operation." *In re Deepwater Horizon*, 745 F.3d at 163. Both requirements for jurisdiction under OCSLA are satisfied here.

12.     First, the facts underlying Plaintiff's Original Petition occurred on the Outer Continental Shelf ("OCS") and constitute an operation involved in the exploration and production of minerals on the OCS.[6] Plaintiff alleges he was injured aboard the Vessel on or about February 6, 2021, while serving as a member of the Vessel's crew.[7] At that time, the Vessel was located on

---

[6] *See* Exhibit A-1 at ¶¶11-12; Exhibit D ¶¶5-6.
[7] Exhibit A-1 at ¶¶11-12.

the OCS in Mississippi Canyon Block 727 off the coast of Louisiana at the following coordinates: 26º14.94 N, 092º06.869 W.[8] The Vessel was directly connected to the OCS seabed, by a marine riser assembly that extended from the Vessel down 4,826 feet to a blowout preventer positioned on the OCS sea floor positioned over a wellhead and casing string that extended five miles into the formation below the seabed.[9] At that time, the Vessel was involved in oil and gas drilling operations on the OCS, more specifically, testing the well to determine its per-day production.[10]

13. Accordingly, at the time of the alleged incident, the Vessel was geographically located on the OCS and was engaged in operations involving exploration and production of minerals on the OCS. *See Clay v. ENSCO Offshore CO.*, No. 14-2508, 2015 U.S. Dist. LEXIS 155902, at *1–2 (E.D. La. 2015) (semi-submersible drilling rig, when connected and attached to the OCS through drilling mechanisms performing exploration and production of mineral resources, is "erected" on the OCS for the purposes of Section 1333(a)(1)); *see also United States v. Kaluza*, No. 12-265, 2013 U.S. Dist. LEXIS 173134, at *28 (E.D. La 2013) (same); H.R. Rep. No. 95-590, at 128 (1977) (stating that OCSLA is to be applicable to "activities on *drilling ships, semi-submersible drilling rigs, and other watercraft, when they are connected to the seabed by drillstring, pipes, or other appurtenances*, on the OCS for exploration, development, and production.") (emphasis added).

14. Secondly, the case arises out of, or in connection with, the operations on the OCS. Because the Vessel's operations were conducted on the OCS in connection with the extraction of mineral resources from beneath the seabed,[11] Plaintiff's work on the Vessel was directly connected with the operations on the OCS. *See Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 350 (5th

---

[8] Exhibit D at ¶ 4.
[9] *Id.* ¶6.
[10] *Id.* at ¶5.
[11] *Id.*

Cir. 1999). Plaintiff's alleged injury would not have occurred "but for" oil and gas drilling operations on the OCS. Indeed, if Plaintiff had not been assigned to work aboard the Vessel as a member of the crew, then he would never have had to unplug the electrical cord from a socket as alleged on the Vessel—the task during which he was allegedly injured. *See Barker*, 713 F.3d at 213 ("[I]t is clear that but for his employment, Barker would not have been involved in the incident forming the basis of this suit."); *Hubbard v. Laborde Marine LLC*, 2014 WL 12776414 (E.D. La. 2014) ("Plaintiff would not have been aboard the M/V RIG RUNNER but-for the extraction of minerals from the OCS. Accordingly, his injuries are sufficiently related to the operations on the OCS for this Court to exercise jurisdiction"). Accordingly, OCSLA jurisdiction exists over this case based on the but-for test utilized by the Fifth Circuit, and removal is appropriate.

### B. Removal Is Proper Because This Court Has Admiralty Jurisdiction

15. This case also is removable under 28 U.S.C. § 1441(a), because this suit involves a controversy over which the United States District Court has original jurisdiction based on admiralty tort jurisdiction under 28 U.S.C. § 1333. Plaintiff asserts claims under the general maritime law against all defendants in addition to his Jones Act claims. The underlying incident allegedly occurred aboard the Vessel on a navigable waterway, the Gulf of Mexico, and while Plaintiff was working as a member of the Vessel's crew, a quintessential maritime activity.

## V.   PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

16. Pursuant to 28 U.S.C. § 1446(d), Seadrill will promptly give Plaintiff written notice of this Notice of Removal. Seadrill will also promptly file a copy of this Notice of Removal with the Clerk of Court for Harris County, Texas, the district where the state court action is currently pending.

## VI. RESERVATION OF ALL BANKRUPTCY-RELATED DEFENSES

17. Notwithstanding this Notice of Removal, all rights that Seadrill has or may have pursuant to the Order Confirming the Second Amended Joint Chapter 11 Plan of Reorganization of Seadrill Limited and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code are reserved.

## CONCLUSION AND PRAYER

For the foregoing reasons, Seadrill Americas, Inc. and Seadrill Gulf Operations Neptune, LLC respectfully request this Honorable Court to accept their Notice of Removal as good and sufficient, remove the above-described action from the 281st Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division for trial and determination as provided by law, that this Court enter such orders and issue such process as may be necessary and proper to bring before it copies of all records and proceedings presently pending in the aforesaid state court suit, and thereupon proceed with this civil action as if originally commenced in this Court; and, that this Court enter all necessary and appropriate orders and decrees in accordance with applicable law, and for any and all such further relief, in law or in equity, to which it may be justly entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Andrew R. Nash*
Andrew R. Nash
Texas Bar No. 24083550
S.D. Tex. ID No. 1690806
910 Louisiana Street, Suite 4300
Houston, Texas  77002
Telephone: (713) 626-1386
Facsimile: (713) 626-1388
Email: andy.nash@phelps.com

                                                            **COUNSEL FOR DEFENDANTS,
SEADRILL AMERICAS, INC. and
SEADRILL GULF OPERATINS
NEPTUNE, LLC**

OF COUNSEL:
PHELPS DUNBAR LLP

Michael Held (La. Bar 37466)
*Motion for Pro Hac Admission to be filed*
Canal Place | Suite 2000
365 Canal Street
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: michael.held@phelps.com

8